## BADGER *v.* MULVILLE.

*(Circuit Court, S. D. New York. November 17, 1884.)*

REMOVAL OF CAUSE—TIME OF APPLICATION.

A cause cannot be removed from a state court after the term at which it stood for trial, although the exigencies of the business of the court at that term were such that it could not be reached.

Motion to Remand Cause.

*Wm. W. Badger,* in person.

*G. A. Siexas,* for Mulville.

WHEELER, J. This cause stood for trial at the September term of the city court. It was not removable at a subsequent term, although the exigencies of the business of the court at that term were such that it could not be reached. The motion to remand is granted, with costs.

---

## GRINDROD and others *v.* CRINE and others.

*(Circuit Court, S. D. New York. December 4, 1884.)*

REMOVAL OF CAUSE—CITIZENSHIP.

Where the controversy is wholly between citizens of different states, although not wholly between citizens of the state where the suit is brought and citizens of other states, and the party petitioning for removal appears from the pleadings to be actually interested in the controversy, the case may be removed, under section 2 of the act of 1875, on petition by him alone.

Motion to Remand.

*Wm. J. Lipman,* for Crine.

WHEELER, J. The pleadings do not show the citizenship of the parties. The petition for removal shows that the plaintiffs are all citizens of Pennsylvania; that the petitioning defendant is a citizen of Massachusetts, and the other defendants are citizens of New York. The controversy is therefore wholly between citizens of different states, although not wholly between citizens of the state where the suit was brought and citizens of other states. The petitioning defendant appears from the pleadings to be actually interested in the controversy. Under the act of 1875, "either one or more of the plaintiffs or defendants, actually interested in such controversy, may remove said suit." Supp. Rev. St. p. 174, § 2. Accordingly, this suit was properly removed by the petitioning defendant alone. *Barney* v. *Latham,* 103 U. S. 205; *Kerling* v. *Cotzhausen,* 16 FED. REP. 705; *Mosher* v. *St. Louis, etc., Ry. Co.* 19 FED. REP. 849.

The motion to remand is denied.